IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, and ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiffs,<br><br>vs.<br><br>LEANNE MARTEN, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICE, and UNITED STATES FISH & WILDLIFE SERVICE,<br><br>Defendant. | CV 17-47-M-DLC-JCL<br><br>ORDER |

Before the Court is Defendants' Motion to Strike a document that Plaintiffs filed in support of their summary judgment motion. The document at issue is the revised biological opinion dated March 11, 2016, authored by Jodi L. Bush, Field Supervisor, United States Fish Wildlife Service ("FWS"), regarding an unrelated United States Forest Service ("USFS") project known as the Lonesome Wood 2 Vegetation Management Project ("Lonesome Wood Biological Opinion"). (Doc. 28-1.) For the reasons discussed, the Court deems it appropriate to grant Defendants' motion and strike the Lonesome Wood Biological Opinion.

I.   **Background**

Plaintiffs Native Ecosystems Council and Alliance for the Wild Rockies commenced this action advancing claims under federal environmental laws against Defendants Leanne Marten, the USFS, and the FWS. The claims arise from Defendants' decisions regarding the USFS's proposed Telegraph Vegetation Project ("Telegraph Project") in the Helena-Lewis and Clark National Forest.

This action is governed by the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq., and the parties agree Plaintiffs' claims can be resolved on summary judgment motions based upon the Court's review of the administrative record on which the Defendants relied to make their Telegraph Project decisions. (Doc. 4 at 2.) To that end, the Court imposed a deadline of June 16, 2017, by which any party could file a motion to supplement or challenge the administrative record. (Doc. 6 at 1.)

During the course of Defendants' analysis of the Telegraph Project the USFS engaged the FWS to obtain its biological opinion as to the effects of the Telegraph Project for certain wildlife species. On January 4, 2017, the FWS issued its biological opinion concerning the Telegraph Project ("Telegraph Biological Opinion") as required by the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq. And on January 9, 2017, the USFS issued its Record of Decision authorizing implementation of Alternative 4 identified in the USFS's Final

Environmental Impact Statement for the Telegraph Project.

One of the claims advanced by Plaintiffs under the ESA challenges the sufficiency of the detail with which the FWS discussed "the effects of the action on listed species" in the Telegraph Biological Opinion as required by 50 C.F.R. § 402.14(h)(2). Plaintiffs note the USFS identified five categories of effects the Telegraph Project would have on grizzly bears, and they complain that the FWS did not engage in a detailed discussion of each of the five effects. (Doc. 12 at 18-22 of 38.)

Plaintiffs further assert that the limited programmatic biological opinions the FWS had previously issued in 2014 and 2016 also failed to address the identified effects on grizzly bears caused by the Telegraph Project. Therefore, Plaintiffs argue the FWS cannot merely rely upon a tiered analysis that is based upon those prior biological opinions.

Plaintiffs suggest the circumstances of this case and the FWS's alleged failure to analyze all effects of the Telegraph Project are analogous to the circumstances in an unrelated USFS project discussed in *Native Ecosystems Council v. Krueger*, 63 F. Supp. 3d 1246 (D. Mont. 2014). (Doc. 12 at 23-24 of 38.) In *Krueger* the FWS had relied upon a prior tiered programmatic biological opinion issued relative to a forest travel plan, but the Court found that prior opinion did not address all the effects of the subsequent specific forest project at issue in

*Krueger*. Therefore, the Court remanded the matter to the USFS to obtain a more complete biological opinion that addressed all the effects on grizzly bears caused by the subject forest activity. The USFS was to obtain a sufficiently detailed, site-specific biological opinion from the FWS that analyzed the effects of a specific activity – "all logging associated activities" – because those effects were not addressed in the prior, first-tier biological opinion the FWS issued relative to the forest travel plan. *Krueger*, 63 F. Supp. 3d at 1253. As a result of that remand the FWS prepared the Lonesome Wood Biological Opinion that is the subject of Defendants' motion to strike.

Based on the record in this case, Plaintiffs contend USFS personnel had identified the Lonesome Wood Biological Opinion as an exemplar of a proper, complete biological opinion that adequately addressed all effects of a proposed action as required by 50 C.F.R. § 402.14(h)(2). After the FWS issued its Telegraph Biological Opinion on January 4, 2017, USFS personnel raised questions about the Telegraph Biological Opinion based on the Lonesome Wood Biological Opinion. On January 5, 2017, USFS General Counsel Alan Campbell wrote an email to USFS Forest Supervisor Jennifer Swiader stating that he found the Lonesome Wood Biological Opinion contained "more detail [...] for grizzly bear" than the Telegraph Biological Opinion, and he called Jodi Bush to discuss the issue. (FWS_000330.)

Swiader forwarded Campbell's email to USFS Forest Supervisor Heather Degeest, and on January 6, 2017, Degeest wrote an email identifying two primary differences between the Telegraph Biological Opinion and the Lonesome Wood Biological Opinion: (1) a difference in the format and structure of, and the headings used in the two opinions; and (2) a difference in the two opinions' discussion of all the effects of each project. (FWS_000328.) She noted that the Lonesome Wood Biological Opinion addressed all effects of the forest activity on grizzly bears including the effects of logging and all activities associated with logging. (FWS_000328.) But she complained that although the Telegraph Biological Opinion discussed the effects of logging for bull trout, it failed to address the effects of logging for lynx or other wildlife. (FWS_000329.) Degeest then suggested the FWS's Telegraph Biological Opinion should contain the same degree of discussion of all effects on all wildlife as the discussion the FWS included in its Lonesome Wood Biological Opinion. She stated "[t]he 2016 Lonesome Wood BO is consistent with what we're asking them to do for Telegraph." (FWS_000329.) Swiader received Degeest's January 6, 2017 email and forwarded it to Jodi Bush – the person who authored the cover letter for the Telegraph Biological Opinion.

USFS Wildlife Biologist Denise Pengeroth was similarly concerned about the sufficiency of the FWS's discussion of effects in the Telegraph Biological

Opinion. On January 5, 2017, she wrote an email in which she expressed her concern about the way in which the Telegraph Biological Opinion separated out the effects of the Telegraph Project, and suggested the FWS should have instead discussed all of the "effects of the project as a whole" and made a determination "for the entire project." (FWS_000356.)

In response to Pengeroth's concerns, on January 6, 2017, FWS Biologist Tom Olenicki wrote an email in which he explained the FWS's discussion of the effects of the Telegraph Project in the Telegraph Biological Opinion, and confirmed that the FWS's "determination IS for the entire project." (FWS_000337.)

On January 12, 2017, Pengeroth replied to Olenicki's email acknowledging that in light of Olenicki's explanation she was satisfied with the FWS's discussion of the effects of the Telegraph Project. She stated she found nothing to indicate "that there are additional adverse effects that have not already been addressed[, and] [t]herefore, no additional analyses or changes in determinations need to be made." (FWS_000337.)

In their response brief, the Defendants addressed the issues Plaintiffs raised concerning the Lonesome Wood Biological Opinion. Defendants identified and summarized the same emails Plaintiffs referenced, and acknowledged that the FWS and USFS personnel discussed the differences between the Lonesome Wood

6

Biological Opinion and the Telegraph Biological Opinion. Those discussions are documented in a "note to file" email dated January 13, 2017, written by FWS Officer Katrina Dixon. (Doc. 19 at 57-58 of 74; FWS_000326.) Dixon wrote that the FWS acknowledged the formatting differences in the structure of the two biological opinions, but explained that the format of the Telegraph Biological Opinion was consistent with other formal, tiered consultations, and that the format of the Lonesome Wood Biological Opinion was different because it was tailored to satisfy the Court's remand order in *Krueger*. (FWS_000326.) Despite the different formats, the FWS confirmed that the two opinions contained consistent information, i.e. they contained a biological opinion as to whether the respective actions will jeopardize a species. (FWS_000326.)

The FWS also explained the different terminology used in the Lonesome Wood Biological Opinion. The Court in *Krueger* directed the FWS to address the specific effects of the forest project, including the effects of "logging and associated activities." (FWS_000326.) The FWS explained that it generally does not employ that terminology, and instead it generally analyzes the effects in terms of "vegetation management, harvesting, etc.[,]" or "treatment of acres", to be consistent with the USFS's use of that same terminology in its biological assessments. (FWS_000326.) Nonetheless, the FWS asserted that the discussion of the effects in the Telegraph Biological Opinion is consistent with the discussion of

the effects in the Lonesome Wood Biological Opinion. (FWS_000326; Doc. 19 at 59 of 74.)

Because Defendants argued that the substance of the discussions of the project effects in the two biological opinions is consistent, Plaintiffs decided to submit a copy of the Lonesome Wood Biological Opinion to support their contention that the FWS's discussion of effects in the Telegraph Biological Opinion is not legally sufficient. Plaintiffs argue that the Telegraph Biological Opinion lacks the legally required degree of detailed analysis of project effects like that which was employed in the Lonesome Wood Biological Opinion. The parties argue over the proper interpretation of the emails exchanged between USFS and FWS personnel concerning the sufficiency of the Telegraph Biological Opinion as compared to the Lonesome Wood Biological Opinion. And Plaintiffs contend the discussions in the emails make the Lonesome Wood Biological Opinion part of the administrative record and admissible as evidence in this case.

II. **Discussion**

Defendants move to strike the Lonesome Wood Biological Opinion from the record in this case. They argue the document is not part of the formal administrative record on which the FWS formulated its Telegraph Biological Opinion, and that Plaintiffs failed to move to supplement the administrative record by the June 16, 2017 deadline for supplementation.

The Court agrees Plaintiffs missed the deadline for supplementation. Thus the remaining question raised by Defendants' motion is whether the Lonesome Wood Biological Opinion is nonetheless properly included as part of the "whole record", or if it should otherwise be admissible as evidence in this action.

A. **<u>Whole Record – Administrative Record</u>**

Defendants argue that the Lonesome Wood Biological Opinion is not part of the "whole record" which the Court may consider in making legal determinations as permitted under the APA. 5 U.S.C. § 706. The "whole record" "consists of all documents and materials directly or indirectly considered by agency decision-makers[.]" *Thompson v. United States Department of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). It is "everything that was before the agency pertaining to the merits of its decision." *Portland Audubon Society v. Endangered Species Committee*, 984 F.2d 1534, 1548 (9th Cir. 1993).

But in assessing what is properly within the "whole record" the timing of the existence of certain materials in the record is significant. Courts review the full administrative record that was before the particular agency "*when it made its decision.*" *Thompson*, 885 F.2d at 556 (emphasis in original). "[T]he critical inquiry is whether [the materials] were before the Secretary at the time of the decision." *Id*.

Defendants assert the Lonesome Wood Biological Opinion was not before

9

the FWS by the time it issued the Telegraph Biological Opinion. Tom Olenicki (the FWS biologist who prepared the Telegraph Biological Opinion), Jodi Bush (the FWS Field Supervisor who reviewed and signed the Telegraph Biological Opinion), and William Avey (the USFS Forest Supervisor who signed the Record of Decision for the Telegraph Project) each filed an affidavit stating that they did not directly or indirectly consider, rely upon, or refer to the Lonesome Wood Biological Opinion prior to the time the Telegraph Biological Opinion was issued on January 4, 2017. (Doc. 32-1 at 2; Doc. 35-1 at 2; Doc. 35-2 at 2-3.) Thus, the record undisputedly demonstrates that the Lonesome Wood Biological Opinion was not considered by Defendants for purposes of the FWS's decision-making process in rendering its Telegraph Biological Opinion.

In response to Defendants' motion to strike, Plaintiffs still assert the Lonesome Wood Biological Opinion is part of the administrative record as a matter considered by the USFS and the FWS. In doing so, however, Plaintiffs rely solely upon the referenced emails originated by USFS personnel *after* the Telegraph Biological Opinion was issued on January 4, 2017. Plaintiffs point to USFS General Counsel Alan Campbell's January 5, 2017 email, and USFS Forest Supervisor Heather Degeest's January 6, 2017 email. Again, these emails raised questions based upon comparisons with, and references to, the Lonesome Wood Biological Opinion. But it is undisputed that those questions and concerns were

generated and presented to Olenicki and Bush *after* they prepared the FWS's January 4, 2017 Telegraph Biological Opinion. Therefore, the Lonesome Wood Biological Opinion is not properly included within the "whole record" that was before, and considered by, the FWS prior to its January 4, 2017 Telegraph Biological Opinion.

Although exceptions to the rule limiting what constitutes the "whole record" or administrative record exist (*Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005)), Plaintiffs do not argue for the application of any exception.

B. **Fed. R. Evid. 1002 & Fed. R. Civ. P. 56**

Plaintiffs argue that the Lonesome Wood Biological Opinion is admissible under Fed. R. Evid. 1002, and Fed. R. Civ. P. 56. Rule 1002 provides that the best evidence – the original of a writing – must be admitted "in order to prove its contents[.]" Plaintiffs argue that because Defendants, in the referenced emails, suggested the Telegraph Biological Opinion is written "consistent" with the Lonesome Wood Biological Opinion, the suggestion requires the admission of the Lonesome Wood Biological Opinion to support Defendants' suggestion.

But Defendants' legal defense in this case is not that the analysis and discussion reflected in the Telegraph Biological Opinion is "consistent" with the analysis and discussion presented in the Lonesome Wood Biological Opinion. Instead, their defense is that such analysis and discussion is sufficiently detailed as

11

required by 50 C.F.R. §402.14(h)(2). Thus, in their briefs Defendants referred to the Lonesome Wood Biological Opinion only in the context of their references to Tom Olenicki and Katrina Dixon's emails and file notes which Olenicki and Dixon had written to respond to the USFS's concerns about the sufficiency of the Telegraph Biological Opinion. Defendants' references and arguments do not seek to establish and prove the "contents" of the Lonesome Wood Biological Opinion.

Similarly, Plaintiffs' arguments and references to the Lonesome Wood Biological Opinion also do not seek to prove the "content" of that biological opinion. Thus, the best evidence requirement in Rule 1002 is not implicated if evidentiary materials are not presented for the purpose of proving the content of a writing. *United States v. Diaz-Lopez*, 625 F.3d 1198, 1202 (9th Cir. 2010). Therefore, Rule 1002 does not require the admission of the Lonesome Wood Biological Opinion.

Similarly, Plaintiffs argue Rule 56 requires the admission of the Lonesome Wood Biological Opinion. They contend Rule 56(c) requires a party to place in the record all materials on which it relies "as a source of a factual contention," or to "support its fact positions." (Doc. 34 at 13-14 of 17.)

But Defendants do not advance any factual contentions about the content of the Lonesome Wood Biological Opinion itself. Defendants' references to the Lonesome Wood Biological Opinion are merely references to the content of the

various emails reflecting Campbell, Degeest, Pengeroth, Olenicki, and Dixon's subsequent discussions about the Lonesome Wood Biological Opinion. Defendants do not rely upon the substantive content of the Lonesome Wood Biological Opinion as grounds in support of any defense they assert in this action. Defendants also do not assert, and there does not exist, a material factual contention about the substantive content of the Lonesome Wood Biological Opinion in this case. Plaintiffs do nothing more than suggest USFS personnel viewed the Lonesome Wood Biological Opinion as an exemplar of a legally sufficient biological opinion which the FWS should mimic in the Telegraph Biological Opinion. Therefore, Rule 56 does not require the admission of the Lonesome Wood Biological Opinion.

    C.    **<u>Judicial Notice</u>**

Finally, Plaintiffs argue the Court may take judicial notice of the Lonesome Wood Biological Opinion pursuant to Fed. R. Evid. 201. They argue it is a report of an administrative body, and that it is also a document made publicly available because the USFS and FWS filed it in the public record of the *Krueger* case.

But judicial notice of a document is not warranted if the document is not relevant to the instant civil action and if it would have no effect on the Court's decision in this case. *See Alexander v. Underhill*, 416 F. Supp. 2d 999, 1014-15 (D. Nev. 2006) (declining to take judicial notice of an irrelevant document). Evidence

is only relevant and admissible in a case if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

The substance of Plaintiffs' ESA claim in this case presents the issue of whether the Telegraph Biological Opinion properly addresses, analyzes and discusses, in proper detail, all of the pertinent effects of the Telegraph Project as required by *Krueger* and 50 C.F.R. § 402.14(h)(2). The substance of their legal claim is not, and cannot be, an issue of whether the Telegraph Biological Opinion is drafted consistent with the degree of discussion set forth in the Lonesome Wood Biological Opinion. Plaintiffs do not identify any material fact in this case that would be made more or less probable by the admission of the Lonesome Wood Biological Opinion. In view of Plaintiffs' legal claim, the content of the Lonesome Wood Biological Opinion is of no consequence to the issue of whether the Telegraph Biological Opinion is written in compliance with the ESA and the legal requirements identified in *Krueger*. Therefore, the Lonesome Wood Biological Opinion is not relevant to this case, and judicial notice of it is not warranted.

III. **Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion to strike is GRANTED, and the Lonesome Wood Biological Opinion (doc. 28-1) is STRICKEN from the record as it is not part of the administrative record

and it is irrelevant.

DATED this 20th day of March, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge