IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

**FILED**
SEP 10 2018
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, ALLIANCE FOR THE WILD ROCKIES, | CV 17–47–M–DLC–JCL |
| Plaintiffs, | ORDER |
| vs. | |
| LEANNE MARTEN, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICE, and UNITED STATES FISH & WILFLIFE SERVICE, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for an Injunction Pending Appeal (Doc. 51) of the Court's July 31, 2018 order granting Defendants' Motion for Summary Judgment (Doc. 47) regarding the Telegraph Project (the "Project"). Plaintiffs file this motion because logging and road construction may commence shortly whereas its appeal is not likely to be resolved for quite some time.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A petitioner

-1-

seeking an injunction, whether it is an injunction pending an appeal or otherwise, must show: (1) it is likely to suffer irreparable harm absent a preliminary injunction; (2) that it is likely to succeed on the merits; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Id.* at 20. Petitioners seeking an injunction must show more than the possibility of irreparable harm. *Id.* at 22. Petitioners must demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Id.* (emphasis in original). Once the petitioner shows that irreparable harm is likely, the other factors are assessed on a sliding scale. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). For instance, if, after demonstrating likely irreparable harm, a petitioner also makes a strong showing on the public interest and equities prongs, then an injunction may issue so long as the petitioner raises "serious questions going to the merits." *Id.* A petitioner in such cases is thus relieved of the requirement that it demonstrate that it is likely to succeed on the merits, and may succeed on the lesser "serious questions" standard. *Id.* When the federal government is a party, the balance of equities and public interest factors may be merged. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

In ESA cases, the four-part test is altered so that the public interest and balance of equities factors always weigh in favor of the plaintiff's request for an injunction. *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075,

1090–91 (9th Cir. 2015). "[T]he issues of likelihood of success and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008). Notwithstanding the above, the Plaintiffs must still "make a showing on all four prongs." *Cottrell*, 632 F.3d at 1134–35.

Plaintiffs argue that Defendants' success on summary judgment "is not dispositive of whether Plaintiffs should receive an injunction pending appeal" in this case, and baldly assert that they have raised "serious questions" regarding the merits of the Court's decision. (Doc. 52 at 11.) Yet, the arguments raised in support of this assertion regarding their ESA and NFMA claims are the very same arguments Plaintiffs raised in their Motion for Summary Judgment (Doc. 12 at 15–24, 26–36) and were largely reiterated in their objections to Judge Lynch's findings and recommendation, recommending that Plaintiffs' claims lacked merit (Doc. 39 at 13–14, 22–25). Having failed to assert specific grounds as to *where* or *why* this Court erred in its decision, Plaintiffs have failed to meet their burden to demonstrate that there are "serious questions" which warrant an injunction pending appeal.

Plaintiffs argue that the Project irreparably harms its members' esthetic, recreational, scientific, spiritual, vocational, and educational interests in the Project

area because it will harm its members ability to view, experience, and utilize the area in an undistributed state. (Doc. 52 at 8–9; Doc. 52-1 at 3.) The harm alleged by Plaintiffs is the harm inherent in removing something irreplaceable from the forest landscape. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 545 (1987) ("Environmental injury . . . is often permanent or at least of long duration, i.e. irreparable."); *see also Neighbors of Cuddy Mountain v. U.S. Forest Serv.*, 137 F.3d 1372, 1382 (9th Cir. 1998) ("The old growth forests plaintiffs seek to protect would, if cut, take hundreds of years to reproduce.") (citation omitted)). Here, Plaintiffs allegation of harm is unpersuasive because the forest is already in a disturbed state from the mountain pine beetle outbreak. The Project is designed to respond to this outbreak and targets areas of the forest that are overstocked, diseased, dying, or already dead. (Doc. 53 at 22.) Over 94% of the Project area has experience more than 90% mortality. (Doc. 53-1 at 3). Most or all of the trees will die and fall down even without the Project. (*Id.* at 6–7.) Regardless of the status of the Project, it will take several decades before these trees grow back. For this reason, Plaintiffs have not demonstrated that absent an injunction, the Project risks "irreparable harm" to Plaintiffs' members' interests.

Because Plaintiffs must demonstrate an adequate showing on all four prongs of the *Winter* test and has failed to do so on the first two prongs, the Court need not discuss the balance of harms and public interest with respect to Plaintiffs' claims.

-4-

The Court denies the motion.

Accordingly, IT IS ORDERED that Plaintiff's motion for injunction pending appeal (Doc. 51) is DENIED.

DATED this 10th day of September, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court